UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DEAN HARGROVE** | **CIVIL ACTION NO. 2:13-cv-1646** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **LAKE CHARLES JAIL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Dean Hargrove, proceeding in *forma pauperis* filed the instant civil rights complaint on June 13, 2013.  Doc. 1.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and he is incarcerated at Bossier Medium correctional Center in Plain Dealing, Louisiana.

On June 12, 2014, this court issued a Memorandum Order [doc. 10] instructing petitioner to amend his deficient petition.  He was given (30) days, or until July 12, 2014, to amend his petition.  To date, petitioner has not responded to that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.

Petitioner was directed to amend his complaint to provide additional information and he has failed to comply with the court's June 12, 2014 order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE this 25th day of August, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE